Taliaferro, J.
The defendants are sued as. acceptors of certain drafts drawn in plaintiffs’ favor by Young & Holmes. W. S. Slaughter and Alexander Smith, the parties sued, except to the jurisdiction of the Court, On the ground that the parish of East Feliciana is not in the parish of their domicile. The exception was sustained, and the suit dismissed. Plaintiffs have appealed.
But the one question is here presented: Were the defendants domiciliated in the parish of East Feliciana at the time this suit was instituted ?
It is shown that both Smith & Slaughter resided in Jackson, in East Feliciana, before and at the time of the institution of this suit; that the latter had resided there about a year before that time,' and the former since 1862, a short time after New Orleans was taken by the Federal forces.
It is also shown that Slaughter rented a house in Jackson, and has been living theré, and that Smith’s family resided in the parish of East Feliciana.
It is further shown that both have, during their residence in Jackson, attended elections there, and also that on one or two occasions they voted there.
Smith, it is proved, was trading in cotton in that parish.
This evidence, we think, overbalanced by the weight and general drift of the testimony on the other side. It is, we think, quite clearly shown that Slaughter has a domicile in the parish of East Baton Rouge ; that he lived on his plantation in that parish, near the Mississippi river, from whence he was within range of the cannon on board the Federal gunboats, and that he removed' to Jackson to get out of the danger. It is proved that he always expressed his intention to return to his plantation, in East Baton Rouge. The same thing is established, in regard to Smith, whose constant declarations have shown an intention to go back to New *324 Orleans. The ill health of his wife detained him in Feliciana. The fact of these defendants having voted in Jackson, at elections, once or twice, is not conclusive against the opposite evidence. Irregular voting of this kind is of frequent occurrence, and it should not be allowed too much weight in determining questions of this kind. Persons who, like the defendants, during the late commotions, had to leave their domiciles and undergo a temporary exile, during which they have constantly evinced the will and intention to return to their long established homes, should not be deemed to have changed their domiciles, from having engaged in trade during their sojourn, and from having voted occasionally at loosely conducted elections.
We think the exception was properly sustained.
Ibis therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.